UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF NORTH CAROLINA

| | |
|---|---|
| HOSPICE OF CABARRUS COUNTY INC., ) | |
| ) | |
| Plaintiff, ) | |
| vs. ) | CIVIL NO: 25-1063 |
| ) | |
| ROBERT KENNEDY, JR., Secretary ) | |
| Health and Human Services ) | |
| ) | |
| Defendant. ) | |
| ) | |
| ) | |
| Departmental Appeals Board ) | |
| Docket No. M-25-2860 ) | |
| ) | |
| OMHA Appeal Nos. 3-14378656463 ) | |

## COMPLAINT FOR JUDICIAL REVIEW

Plaintiff, Hospice of Cabarrus County Inc., by counsel, brings this Complaint against the Defendant, Robert Kennedy Jr., in his official capacity as Secretary of the United States Department of Health and Human Services ("HHS"), to appeal the Departmental Appeals Board's ("DAB") dismissal of its appeal. In support of its complaint, Plaintiff states:

### INTRODUCTION

1. This is an action for judicial review of the Medicare Appeals Council's ("MAC") improper dismissal of Plaintiff's appeals for DAB Docket No. M-25-2860, Office of Medicare Appeal Number 3-14378656463. Plaintiff asserts the MAC's dismissal of Plaintiff's appeal violated the law, was an abuse of discretion, and was an arbitrary and capricious application of the law.

## PARTIES

2. Hospice of Cabarrus County Inc. is a hospice provider located in Kannapolis, North Carolina. At all times relevant to this action, it was qualified as a Medicare-participating hospice provider as established in the Medicare Act.

3. Defendant is the Secretary of HHS. The Secretary, as the federal official responsible for the administration of the Medicare program, has delegated that responsibility to CMS. *See* 76 Fed. Reg. 13618 (Mar. 14, 2011).

## JURISDICTION AND VENUE

4. Jurisdiction is conferred upon the District Court by 42 U.S.C. § 405.1136 to review a decision of the Defendant.

5. Specifically, this Court has subject-matter jurisdiction under 42 U.S.C. § 405(g), as incorporated into the Medicare Act by 42 U.S.C. § 1395ff(b), because Plaintiff has exhausted the administrative remedies required and the Secretary has issued a final decision. Jurisdiction also exists under 28 U.S.C. § 1331 because this action arises under the Medicare Act, a federal statute.

6. The Plaintiff's amount in controversy exceeds $1,000, exclusive of interest and costs, as required by 42 C.F.R. § 405.1006(c)(1).

7. Venue lies in this judicial district under 42 U.S.C. § 405.1136 and 28 U.S.C. § 1391.

## STATEMENT OF THE CASE

8. This case involves Plaintiff's request for review of an unfavorable decision issued by an Administrative Law Judge ("ALJ"). This ALJ decision was issued on February 28, 2025. Counsel for Plaintiff received the ALJ decision on May 14, 2025, via fax. Neither Plaintiff, nor counsel for Plaintiff, received the ALJ's decision prior to May 14, 2025.

9. A party must request review of an ALJ's decision within 60 calendar days after *receipt* of the decision or dismissal. *See* 42 C.F.R. § 405.1102(a)(1) (*emphasis added*).

10. Under 42 C.F.R. § 405.1102(a)(2), a party is presumed to have received the ALJ's or attorney adjudicator's decision or dismissal five calendar days after the date on the notice—unless evidence shows otherwise. The MAC determines whether good cause exists for an untimely filing by applying the standards in 42 C.F.R. § 405.942. *See* 42 C.F.R. § 405.1102(b)(3).

11. Plaintiff timely filed its request for review of the ALJ's decision on June 13, 2025—30 days after *receiving* the ALJ's unfavorable decision, but 105 days after the date on which the ALJ alleged to have issued it.

12. Now, in support, Plaintiff and its counsel submit affidavits attesting that Plaintiff did not receive the ALJ's decision until May 14, 2025; accordingly, the request for review was timely.

13. Despite the evidence demonstrating that Plaintiff timely filed its Request for Review within 60 days after receipt of the ALJ's decision, the MAC dismissed the Plaintiff's Requests for Review on September 22, 2025.

**BASIS FOR APPEAL**

**Count 1: Judicial Review Under the Administrative Procedures Act and the Medicare Act**

14. The MAC's dismissal of Plaintiff's Request for Review is final agency action that is subject to judicial review under the applicable provisions of the Administrative Procedures Act ("APA"). Under the APA, the reviewing court shall set aside the final agency decision if, *inter alia*, it is contrary to law, arbitrary and capricious, an abuse of discretion, or unsupported by substantial evidence in the record. 5 U.S.C. § 706.

15. Here, the MAC's dismissal violates the tenants of the APA. 42 C.F.R. § 405.1102(a)(1) states that a party to a decision issued by an ALJ may request Council review if the party files a written request within 60 calendar days after receipt of the ALJ's decision. The date of receipt of a decision is "presumed to be 5 calendar days after the date of the notice of the decision or dismissal, unless there is evidence to the contrary." 42 C.F.R. § 405.1102(a)(2). Here, Plaintiff provided the MAC the requisite "evidence to the contrary" demonstrating that the ALJ's decisions were not *received* until May 14, 2025.

16. Plaintiff further requested the MAC extend the time for filing a request for Council review as allowed by 42 C.F.R. § 405.1102(b), which provides:

> A party requesting a review may ask that the time for filing a request for Council review be extended if—
>
> (1) The request for an extension of time is in writing;
>
> (2) It is filed with the Council; and
>
> (3) It explains why the request for review was not filed within the stated time period. If the Council finds that there is good cause for missing the deadline, the time period will be extended. To determine whether good cause exists, the Council uses the standards outlined at § 405.942(b)(2) and (3).

17. The regulation states the MAC must consider the circumstances that kept the party from making the request on time. 42 C.F.R. § 405.942(b)(2)(i). The regulation, at 42 C.F.R. § 405.942(b)(3), provides examples of circumstances in which good cause may exist. Among them, it specifically lists the situation in which "the party did not receive notice of the determination or decision" as a basis for finding good cause for an untimely filing.

18. The MAC's dismissal noted that "there is no evidence in the record to support the [Plaintiff's] contention that it did not receive a copy of the ALJ's decision." Further, the MAC stated that "the copy of the fax submitted by the [Plaintiff] only shows that OMHA faxed a copy

of the decision to the appellant at a later date. This copy . . . does not show . . . that OMHA failed to timely mail the decision on the date indicated on the NOD or that there was some irregularity or deficiency in the service of the decision, or that the [Plaintiff] contacted OMHA to inform it that the copy of the decision was not received."

19. The MAC's reasoning effectively shifts the burden to Plaintiff to prove a negative—that it *did not* receive the ALJ's decisions—and to divine, without notice, that decisions had been issued at all. The regulations impose no such obligation on a party. By faulting Plaintiff for failing to "contact OMHA to inform it that the copy of the decision was not received," the MAC assumes Plaintiff had a duty to perform the agency's own function: to ensure proper service of its decisions. The burden rests with the agency to demonstrate that notice was sent and received in accordance with its procedures, not with the Plaintiff to uncover and correct an administrative omission. The MAC's rationale, therefore, inverts the regulatory framework and penalizes Plaintiff for the government's failure to provide the very notice that triggers its filing deadline.

20. The MAC's decision to dismiss Plaintiff's Requests for Review cannot stand. Provider demonstrated it timely requested review of the ALJ's decisions within the requisite timeframe after *receipt* of the decision. The governing regulation expressly recognizes that a party's failure to receive a decision constitutes good cause for an untimely filing. The MAC disregarded the evidence Plaintiff submitted and failed to consider the circumstances supporting its requests for review. That failure was contrary to law, arbitrary and capricious, and an abuse of discretion.

THEREFORE, Plaintiff respectfully requests that this Court:

1. Issue an order reversing the MAC's dismissal of Plaintiff's appeal and compelling the MAC to issue a determination on the merits of Plaintiff's Request for Review.

2. Grant and order any further relief as the Court deems just and proper.

Respectfully submitted this 21st day of November, 2025.

Respectfully submitted,

**HALL RENDER KILLIAN HEATH & LYMAN, P.C.**

By: _/s/Kennedy E. Bunch_
**Kennedy E. Bunch,** Attorney No. 63147 (NC)
**Sarah M. Crosby**, Attorney No. 32714-49 (IN)
500 N. Meridian Street, Suite 400
Indianapolis, IN 46204-1293
Ph: (317) 429-3663
Fax: (317) 633-4878
Email: kbunch@hallrender.com;
scrosby@hallrender.com